Jeffrey A. Kimmel
Howard Davis
MEISTER SEELIG & FEIN LLP
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY 10017
(212) 655-3500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| MELODY FLYNN and MARTINA ANTOINETTE DE TRUFF, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>                -against-<br><br>NEW YORK DOLLS GENTLEMEN'S CLUB a/k/a 59 MURRAY ENTERPRISES, INC., PRIVATE EYES GENTLEMEN'S CLUB a/k/a AAM HOLDING CORP., THREE B's HOSPITALITY GROUP a/k/a XYZ CORP., BARRY LIPSITZ, and BARRY LIPSITZ, JR.,<br><br>Defendants. | Index No.: 13 CV 6530 (PKC)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT** |

------------------------------------------------------------X

Defendants, NEW YORK DOLLS GENTLEMAN'S CLUB ("NY Dolls") a/k/a 59 MURRAY ENTERPRISES, INC. ("59 Murray"), PRIVATE EYES GENTLEMEN'S CLUB ("Private Eyes") a/k/a AAM HOLDING CORP. ("AAM"), BARRY LIPSITZ ("Mr. Lipsitz, Sr."), and BARRY LIPSITZ, JR. ("Mr. Lipsitz, Jr.") (59 Murray, AAM, Mr. Lipsitz, Sr. and Mr. Lipsitz, Jr. are collectively referred to herein as "Defendants")[1] for their Answer, Affirmative Defenses and Counterclaim to Plaintiffs' Class Action Complaint (the "Complaint"), state and allege as follows:

---

[1]     We do not respond on behalf of defendant THREE B's HOSPITALITY GROUP a/k/a XYZ CORP. because there is no such entity or business.

## RESPONSE TO NATURE OF THE ACTION

1.      Defendants deny the allegations set forth in Paragraph 1 of the Complaint, except admit that NY Dolls, Private Eyes and Flashdancers Gentlemen's Club ("Flashdancers") are adult entertainment clubs located at 59 Murray Street, 320 West 45th Street, and 1674 Broadway in New York City, respectively.   To the extent that the allegations set forth in this Complaint relate to Flashdancers Gentlemen's Club ("Flashdancers"), Defendants state that neither Flashdancers nor its operating entity are defendants in this action.[2]

2.      Paragraph 2 of the Complaint is not a factual allegation to which a response is required.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint is not a factual allegation to which a response is required.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint is not a factual allegation to which a response is required.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint is not a factual allegation to which a response is required.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 5 of the Complaint.

---

[2]      For all further responses below, Defendants respond only as to NY Dolls and Private Eyes, and not Flashdancers.

6.    Paragraph 6 of the Complaint is not a factual allegation to which a response is required.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 6 of the Complaint.

7.    Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8.    Defendants deny the allegations set forth in Paragraph 8 of the Complaint, except admit that AAM and 59 Murray were named as defendants in lawsuits captioned *Han v. Jay-Jay Cabaret, Inc., et al.*, No. 11 Civ. 2072 (S.D.N.Y. filed March 25, 2011) and *Naraine v. AAM Holding Corp., et al.*, No. 10 Civ. 8614 (S.D.N.Y. filed Nov. 15, 2010).

9.    Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10.    Defendants deny the allegations set forth in Paragraph 10 of the Complaint, except admit that 59 Murray owns and operates NY Dolls and AAM owns and operates Private Eyes.

11.    Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12.    Defendants deny the allegations set forth in Paragraph 12 of the Complaint, except admit that the "Three B's Hospitality Group" Facebook page identifies itself as a "New York City based nightlife and restaurant group," its Twitter feed refers to NY Dolls and Private Eyes as "SISTER CLUBS" to Flashdancers, refers to "OUR 3 LOCATIONS IN NYC," and "Manhattan's #1 gentlemen's club chain," and that Three B's Hospitality Group's Instagram page, which can be accessed on websites for NY Dolls, Private Eyes or Flashdancers, includes photographs relating to each of the those clubs and a business card referring to those clubs and a restaurant called Mr Robata.

13.     Defendants deny the allegations set forth in Paragraph 13 of the Complaint, except admit that the NY Dolls website states that there are "[o]ver two hundred international entertainers, as approachable as they are alluring" at the club, and that the Private Eyes website states that the club "offers hundreds of exotic entertainers from around the world…."

14.     Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations set forth in Paragraph 17 of the Complaint, except admit that entertainers who perform at NY Dolls and Private Eyes receive $16 in cash in exchange for each dance dollar that they redeem.

18.     Defendants deny the allegations set forth in Paragraph 18 of the Complaint, except admit neither NY Dolls nor Private Eyes reimburses entertainers for the purchase, maintenance or upkeep of their attire.

19.     Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

## RESPONSE TO THE PARTIES

21.     Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations set forth in Paragraph 22 of the Complaint, except admit that Ms. Flynn was employed by NY Dolls as an entertainer from April 2013 to August 2013.

23.     Defendants admit the allegations set forth in Paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint is not a factual allegation to which a response is required.

25.     Defendants deny knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations set forth in Paragraph 26 of the Complaint, except admit that Ms. De Truff was employed by NY Dolls as an entertainer from around February 2013 to July 2013.

27.     Defendants admit the allegations set forth in Paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint is not a factual allegation to which a response is required.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendants admit the allegations set forth in Paragraph 38 of the Complaint.

39.     Defendants admit the allegations set forth in Paragraph 39 of the Complaint.

40.     Defendants admit the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint, except admit that it formerly employed plaintiffs Flynn and De Truff.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint, except admit that 59 Murray maintains control, oversight and direction over its entertainer employees.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44.     Defendants admit the allegations set forth in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46.     Defendants admit the allegations set forth in Paragraph 46 of the Complaint.

47.     Defendants admit the allegations set forth in Paragraph 47 of the Complaint.

48.     Defendants admit the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52.     Defendants admit the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56.     Defendants admit the allegations set forth in Paragraph 56 of the Complaint.

57.     Defendants admit the allegations set forth in Paragraph 57 of the Complaint.

58.     Defendants admit the allegations set forth in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63.     Defendants admit the allegations set forth in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65.     Defendants admit the allegations set forth in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Complaint, except admit that Mr. Lipsitz is identified by the New York State Liquor Authority as a "Principal" for the premises doing business as "New York Dolls," located at "59 Murray Street, New York, NY 10007" and "Mr Robata," located at "1674 Broadway Store # 3, New York, NY 10019."

68.     Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77.     Defendants admit the allegations set forth in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations set forth in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations set forth in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

## RESPONSE TO JURISDICTION AND VENUE

88.     Defendants neither admit nor deny the allegations contained in paragraph 88 of the Complaint because paragraph 88 calls for a legal conclusion.

89.     Defendants neither admit nor deny the allegations contained in paragraph 88 of the Complaint because paragraph 89 calls for a legal conclusion.

90.     Defendants neither admit nor deny the allegations contained in paragraph 88 of the Complaint because paragraph 90 calls for a legal conclusion.

91.     Defendants neither admit nor deny the allegations contained in paragraph 88 of the Complaint because paragraph 91 calls for a legal conclusion.

## RESPONSE TO COLLECTIVE ACTION ALLEGATIONS

92.     Paragraph 92 of the Complaint is not a factual allegation to which a response is required.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.     Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations set forth in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations set forth in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98.     Defendants admit the allegations set forth in Paragraph 98 of the Complaint.

99.     Defendants admit the allegations set forth in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations set forth in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations set forth in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104.    Paragraph 104 of the Complaint is not a factual allegation to which a response is required.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 104 of the Complaint.

## <u>RESPONSE TO CLASS ACTION ALLEGATIONS</u>

105.    Paragraph 105 of the Complaint is not a factual allegation to which a response is required.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 105 of the Complaint.

106.    Paragraph 106 of the Complaint is not a factual allegation to which a response is required.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 106 of the Complaint.

107.    Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

108.    Defendants admit the allegations set forth in Paragraph 108 of the Complaint.

109.    Defendants deny the allegations set forth in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

112.    Defendants deny the allegations set forth in Paragraph 112 of the Complaint.

113.    Paragraph 113 of the Complaint is not a factual allegation to which a response is required.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 113 of the Complaint.

114.    Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

115.    Defendants deny the allegations set forth in Paragraph 115 of the Complaint.

## RESPONSE TO CLASS-WIDE FACTUAL ALLEGATIONS

116.    Defendants deny the allegations set forth in Paragraph 116 of the Complaint.

117.    Defendants deny the allegations set forth in Paragraph 117 of the Complaint.

118.    Defendants deny the allegations set forth in Paragraph 118 of the Complaint.

119.    Defendants deny the allegations set forth in Paragraph 119 of the Complaint.

120.    Defendants deny the allegations set forth in Paragraph 120 of the Complaint.

121.    Defendants deny the allegations set forth in Paragraph 121 of the Complaint.

122.    Paragraph 122 of the Complaint is not a factual allegation to which a response is required because paragraph 122 calls for a legal conclusion. To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 122 of the Complaint.

123.    Defendants deny the allegations set forth in Paragraph 123 of the Complaint.

124.   Defendants deny the allegations set forth in Paragraph 124 of the Complaint, except admit that 59 Murray hires and fires entertainers who perform at NY Dolls and AAM hires and fires entertainers who perform at Private Eyes.

125.   Defendants deny the allegations set forth in Paragraph 125 of the Complaint, except admit that 59 Murray supervises and controls schedules and conditions of work for entertainers who perform at NY Dolls and AAM supervises and controls schedules and conditions of work for entertainers who perform at Private Eyes.

126.   Defendants deny the allegations set forth in Paragraph 126 of the Complaint, except admit that 59 Murray has implemented rules that govern entertainers' working conditions at NY Dolls and AAM has implemented rules that govern entertainers' working conditions at Private Eyes.

127.   Defendants deny the allegations set forth in Paragraph 127 of the Complaint.

128.   Defendants deny the allegations set forth in Paragraph 128 of the Complaint.

129.   Defendants deny the allegations set forth in Paragraph 129 of the Complaint.

130.   Defendants deny the allegations set forth in Paragraph 130 of the Complaint, except admit that 59 Murray requires that entertainers who perform at NY Dolls sign and return copies of tax reporting documents and AAM requires that entertainers who perform at Private Eyes sign and return copies of tax reporting documents.

131.    Defendants deny the allegations set forth in Paragraph 131 of the Complaint, except admit that 59 Murray determines the rate and method of payment of entertainers who perform at NY Dolls and AAM determines the rate and method of payment of entertainers who perform at Private Eyes.

132.    Defendants deny the allegations set forth in Paragraph 132 of the Complaint, except admit that 59 Murray maintains employment records of entertainers who perform at NY Dolls and AAM maintains employment records of entertainers who perform at Private Eyes.

## RESPONSE TO PLAINTIFFS' FACTUAL ALLEGATIONS

133.    Paragraph 133 of the Complaint is not a factual allegation to which a response is required.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 133 of the Complaint.

134.    Defendants deny the allegations set forth in Paragraph 134 of the Complaint, except admit that AAM, Mr. Lipsitz, Sr. and Mr. Lipsitz, Jr. did not pay any wages or pay to Ms. Flynn because Ms. Flynn did not work for them.

135.    Defendants deny the allegations set forth in Paragraph 135 of the Complaint.

136.    Defendants deny the allegations set forth in Paragraph 136 of the Complaint, except admit that Ms. Flynn did not work more than 10 hours in a day, and that AAM, Mr. Lipsitz, Sr. and Mr. Lipsitz, Jr. did not pay any wages or pay to Ms. Flynn because Ms. Flynn did not work for them.

137.    Defendants deny the allegations set forth in Paragraph 137 of the Complaint.

138.     Defendants deny the allegations set forth in Paragraph 138 of the Complaint.

139.     Defendants deny the allegations set forth in Paragraph 139 of the Complaint.

140.     Defendants deny the allegations set forth in Paragraph 140 of the Complaint.

141.     Defendants deny the allegations set forth in Paragraph 141 of the Complaint.

142.     Defendants deny the allegations set forth in Paragraph 142 of the Complaint, except admit that AAM, Mr. Lipsitz, Sr. and Mr. Lipsitz, Jr. did not keep any records of wages or tips earned, or of hours worked by Ms. Flynn because Ms. Flynn did not work for them.

143.     Defendants deny the allegations set forth in Paragraph 143 of the Complaint.

144.     Defendants deny the allegations set forth in Paragraph 144 of the Complaint, except admit that AAM, Mr. Lipsitz, Sr. and Mr. Lipsitz, Jr. did not furnish Mr. Flynn with statements of wages, hours worked, rates paid, and gross wages because Ms. Flynn did not work for them.

145.     Defendants deny the allegations set forth in Paragraph 145 of the Complaint, except admit that AAM, Mr. Lipsitz, Sr. and Mr. Lipsitz, Jr. did not pay any wages or pay to Ms. De Truff because Ms. De Truff did not work for them.

146.     Defendants deny the allegations set forth in Paragraph 146 of the Complaint.

147.    Defendants  deny  the  allegations  set  forth  in  Paragraph  147  of  the
Complaint, except admit that Ms. Flynn did not work more than 10 hours in a day, and
that AAM, Mr. Lipsitz, Sr. and Mr. Lipsitz, Jr. did not pay any wages or pay to Ms. De
Truff because Ms. De Truff did not work for them.

148.    Defendants  deny  the  allegations  set  forth  in  Paragraph  148  of  the
Complaint.

149.    Defendants  deny  the  allegations  set  forth  in  Paragraph  149  of  the
Complaint.

150.    Defendants  deny  the  allegations  set  forth  in  Paragraph  150  of  the
Complaint.

151.    Defendants  deny  the  allegations  set  forth  in  Paragraph  151  of  the
Complaint.

152.    Defendants  deny  the  allegations  set  forth  in  Paragraph  152  of  the
Complaint.

153.    Defendants  deny  the  allegations  set  forth  in  Paragraph  153  of  the
Complaint, except admit that AAM, Mr. Lipsitz, Sr. and Mr. Lipsitz, Jr. did not keep any
records of wages or tips earned, or of hours worked by Ms. De Truff because Ms. De
Truff did not work for them.

154.    Defendants  deny  the  allegations  set  forth  in  Paragraph  154  of  the
Complaint.

155.    Defendants  deny  the  allegations  set  forth  in  Paragraph  155  of  the
Complaint, except admit that AAM, Mr. Lipsitz, Sr. and Mr. Lipsitz, Jr. did not furnish

Ms. De Truff with statements of wages, hours worked, rates paid, and gross wages because Ms. De Truff did not work for them.

## RESPONSE TO FIRST CAUSE OF ACTION

156.    Defendants restate and incorporate by reference all responses set forth above.

157.    Paragraph 157 of the Complaint is not a factual allegation to which a response is required because paragraph 157 calls for a legal conclusion. To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 157 of the Complaint.

158.    Paragraph 158 of the Complaint is not a factual allegation to which a response is required.

159.    Defendants neither admit nor deny the allegations contained in paragraph 159 of the Complaint because paragraph 159 calls for a legal conclusion.

160.    Defendants neither admit nor deny the allegations contained in paragraph 160 of the Complaint because paragraph 160 calls for a legal conclusion.

161.    Defendants neither admit nor deny the allegations contained in paragraph 161 of the Complaint because paragraph 161 calls for a legal conclusion.

162.    Defendants neither admit nor deny the allegations contained in paragraph 162 of the Complaint because paragraph 162 calls for a legal conclusion.

163.    Defendant 59 Murray denies the allegations set forth in Paragraph 163 of the Complaint to the extent that this allegation relates to entertainers who performed at NY Dolls.  Defendant AAM denies the allegations set forth in Paragraph 163 of the Complaint to the extent that this allegation relates to entertainers who performed at

Private Eyes.  Defendants Mr. Lipsitz, Sr. and Mr. Lipsitz, Jr. admit the allegations set forth in Paragraph 163 of the Complaint because they did not individually employ any entertainers.

164.    Defendants deny the allegations set forth in Paragraph 164 of the Complaint.

165.    Paragraph 165 of the Complaint is not a factual allegation to which a response is required because paragraph 165 calls for a legal conclusion. To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 165 of the Complaint.

166.    Defendants deny the allegations set forth in Paragraph 166 of the Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION

167.    Defendants restate and incorporate by reference all responses set forth above.

168.    Paragraph 168 of the Complaint is not a factual allegation to which a response is required because paragraph 168 calls for a legal conclusion.

169.    Defendant 59 Murray denies the allegations set forth in Paragraph 169 of the Complaint to the extent that this allegation relates to entertainers who performed at NY Dolls.  Defendant AAM denies the allegations set forth in Paragraph 169 of the Complaint to the extent that this allegation relates to entertainers who performed at Private Eyes.  Defendants Mr. Lipsitz, Sr. and Mr. Lipsitz, Jr. admit the allegations set forth in Paragraph 169 of the Complaint because they did not individually employ any entertainers.

170.    Defendants deny the allegations set forth in Paragraph 170 of the Complaint.

171.    Paragraph 171 of the Complaint is not a factual allegation to which a response is required because paragraph 171 calls for a legal conclusion. To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 171 of the Complaint.

172.    Defendants deny the allegations set forth in Paragraph 172 of the Complaint.

## RESPONSE TO THIRD CAUSE OF ACTION

173.    Defendants restate and incorporate by reference all responses set forth above.

174.    Paragraph 174 of the Complaint is not a factual allegation to which a response is required because paragraph 174 calls for a legal conclusion. To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 174 of the Complaint.

175.    Defendants neither admit nor deny the allegations contained in paragraph 175 of the Complaint because paragraph 175 calls for a legal conclusion.

176.    Defendants neither admit nor deny the allegations contained in paragraph 176 of the Complaint because paragraph 176 calls for a legal conclusion.

177.    Defendants neither admit nor deny the allegations contained in paragraph 177 of the Complaint because paragraph 177 calls for a legal conclusion.

178.    Defendant 59 Murray denies the allegations set forth in Paragraph 178 of the Complaint to the extent that this allegation relates to entertainers who performed at

NY Dolls.  Defendant AAM denies the allegations set forth in Paragraph 178 of the Complaint to the extent that this allegation relates to entertainers who performed at Private Eyes.  Defendants Mr. Lipsitz, Sr. and Mr. Lipsitz, Jr. admit the allegations set forth in Paragraph 178 of the Complaint because they did not individually employ any entertainers.

179.    Defendants neither admit nor deny the allegations contained in paragraph 179 of the Complaint because paragraph 179 calls for a legal conclusion.

180.    Defendants deny the allegations set forth in Paragraph 180 of the Complaint.

181.    Defendants deny the allegations set forth in Paragraph 181 of the Complaint.

## RESPONSE TO FOURTH CAUSE OF ACTION

182.    Defendants restate and incorporate by reference all responses set forth above.

183.    Paragraph 183 of the Complaint is not a factual allegation to which a response is required because paragraph 183 calls for a legal conclusion.

184.    Defendant 59 Murray denies the allegations set forth in Paragraph 184 of the Complaint to the extent that this allegation relates to entertainers who performed at NY Dolls.  Defendant AAM denies the allegations set forth in Paragraph 184 of the Complaint to the extent that this allegation relates to entertainers who performed at Private Eyes.  Defendants Mr. Lipsitz, Sr. and Mr. Lipsitz, Jr. admit the allegations set forth in Paragraph 184 of the Complaint because they did not individually employ any entertainers.

185.    Defendant 59 Murray denies the allegations set forth in Paragraph 185 of the Complaint to the extent that this allegation relates to entertainers who performed at NY Dolls.  Defendant AAM denies the allegations set forth in Paragraph 185 of the Complaint to the extent that this allegation relates to entertainers who performed at Private Eyes.  Defendants Mr. Lipsitz, Sr. and Mr. Lipsitz, Jr. admit the allegations set forth in Paragraph 185 of the Complaint because they did not individually employ any entertainers.

186.    Defendants deny the allegations set forth in Paragraph 186 of the Complaint.

187.    Defendants deny the allegations set forth in Paragraph 187 of the Complaint.

### RESPONSE TO FIFTH CAUSE OF ACTION

188.    Defendants restate and incorporate by reference all responses set forth above.

189.    Defendant 59 Murray denies the allegations set forth in Paragraph 189 of the Complaint to the extent that this allegation relates to entertainers who performed at NY Dolls.  Defendant AAM denies the allegations set forth in Paragraph 189 of the Complaint to the extent that this allegation relates to entertainers who performed at Private Eyes.  Defendants Mr. Lipsitz, Sr. and Mr. Lipsitz, Jr. admit the allegations set forth in Paragraph 189 of the Complaint because they did not individually employ any entertainers.

190.    Defendants deny the allegations set forth in Paragraph 190 of the Complaint.

191.     Defendants deny the allegations set forth in Paragraph 191 of the Complaint.

## RESPONSE TO SIXTH CAUSE OF ACTION

192.     Defendants restate and incorporate by reference all responses set forth above.

193.     Defendants neither admit nor deny the allegations contained in paragraph 193 of the Complaint because paragraph 193 calls for a legal conclusion.

194.     Defendants neither admit nor deny the allegations contained in paragraph 194 of the Complaint because paragraph 194 calls for a legal conclusion.

195.     Defendants neither admit nor deny the allegations contained in paragraph 195 of the Complaint because paragraph 195 calls for a legal conclusion.

196.     Defendants deny the allegations set forth in Paragraph 196 of the Complaint.

197.     Defendants deny the allegations set forth in Paragraph 197 of the Complaint.

198.     Defendants deny the allegations set forth in Paragraph 198 of the Complaint.

199.     Defendants deny the allegations set forth in Paragraph 199 of the Complaint.

200.     Defendants deny the allegations set forth in Paragraph 200 of the Complaint.

## RESPONSE TO SEVENTH CAUSE OF ACTION

201.     Defendants restate and incorporate by reference all responses set forth above.

202.     Defendants deny the allegations set forth in Paragraph 202 of the Complaint.

203.     Defendants neither admit nor deny the allegations contained in paragraph 203 of the Complaint because paragraph 203 calls for a legal conclusion.  To the extent a response is deemed to be required, Defendants deny the allegations contained in paragraph 203 of the Complaint.

204.     Defendants deny the allegations set forth in Paragraph 204 of the Complaint.

205.     Defendants deny the allegations set forth in Paragraph 205 of the Complaint.

206.     Defendants deny the allegations set forth in Paragraph 206 of the Complaint.

## RESPONSE TO EIGHTH CAUSE OF ACTION

207.     Defendants restate and incorporate by reference all responses set forth above.

208.     Defendants deny the allegations set forth in Paragraph 208 of the Complaint.

209.     Defendants admit the allegations set forth in paragraph 209 of the Complaint and state that entertainers who performed at NY Dolls and Private Eyes did not wear uniforms.

210.    Defendants deny the allegations set forth in Paragraph 210 of the Complaint.

211.    Defendants deny the allegations set forth in Paragraph 211 of the Complaint.

## RESPONSE TO NINTH CAUSE OF ACTION

212.    Defendants restate and incorporate by reference all responses set forth above.

213.    Defendants neither admit nor deny the allegations contained in paragraph 213 of the Complaint because paragraph 213 calls for a legal conclusion.

214.    Defendants deny the allegations set forth in Paragraph 214 of the Complaint.

215.    Defendants deny the allegations set forth in Paragraph 215 of the Complaint.

## RESPONSE TO TENTH CAUSE OF ACTION

216.    Defendants restate and incorporate by reference all responses set forth above.

217.    Defendants neither admit nor deny the allegations contained in paragraph 217 of the Complaint because paragraph 217 calls for a legal conclusion.

218.    Defendants deny the allegations set forth in Paragraph 218 of the Complaint.

219.    Defendants deny the allegations set forth in Paragraph 219 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

220.    Defendants assert the following affirmative defenses without assuming any burden of production or proof that they would not otherwise have.

### FIRST AFFIRMATIVE DEFENSE

221.    The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

222.    Any damages purportedly suffered by Plaintiffs and the purported class are a result of their own action or inaction and/or negligence, or the negligence of third parties beyond Defendants' control.

### THIRD AFFIRMATIVE DEFENSE

223.    Plaintiffs', and the purported class', claims are barred by the equitable doctrines of waiver, laches, estoppel and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

224.    Neither Flashdancers nor its operating entity are defendants in this case.

### FIFTH AFFIRMATIVE DEFENSE

225.    Defendant "Three B's Hospitality Group a/k/a XYZ Corp." is neither a legal entity nor a business, has no employees, no income, no disbursements and does no business.

## SIXTH AFFIRMATIVE DEFENSE

226.    Mr. Lipsitz, Sr. and Mr. Lipsitz, Jr. are not the "employer" of Plaintiffs or the purported class pursuant to the FLSA or New York Labor Law.  AAM is not the "employer" of Plaintiffs or the purported class pursuant to the FLSA or New York Labor Law, to the extent that they have not performed at Private Eyes during the relevant time period.  59 Murray is not the "employer" of the purported class pursuant to the FLSA or New York Labor Law, to the extent that members of the purported class have not performed at NY Dolls during the relevant time period.

## SEVENTH AFFIRMATIVE DEFENSE

227.    Plaintiffs', and the purported class', claims are barred in whole or in part by the applicable statute of limitations pursuant to 29 U.S.C §§ 255-256 and/or New York Labor Law.

## EIGHTH AFFIRMATIVE DEFENSE

228.    "Dance Dollar" coupons are not gratuities for the purposes of either the FLSA or New York Labor Law.

## NINTH AFFIRMATIVE DEFENSE

229.    Payments received by entertainers for performances are mandatory service charges, not gratuities for the purposes of either the FLSA or New York Labor Law.

## TENTH AFFIRMATIVE DEFENSE

230.    Payments received by entertainers for performances are mandatory service charges and not gratuities, and such fees may be used to offset claimed minimum wage obligations.

## ELEVENTH AFFIRMATIVE DEFENSE

231.    Payments received by entertainers for performances are mandatory service charges and not gratuities, and, as such, Defendants 59 Murray and AAM are legally entitled to retain all such payments at their respective clubs.

## TWELFTH AFFIRMATIVE DEFENSE

232.    Defendants at all times, and in all manners, acted in accordance with any and all duties and obligations they may have had under the FLSA and/or New York Labor Law.

## THIRTEENTH AFFIRMATIVE DEFENSE

233.    Plaintiffs and the purported class cannot establish that any acts or omissions were willful under the FLSA.

## FOURTEENTH AFFIRMATIVE DEFENSE

234.    Plaintiffs and the purported class were not required to wear uniforms.

## FIFTEENTH AFFIRMATIVE DEFENSE

235.    Plaintiffs', and the purported class', claims under the FLSA are barred to the extent that Plaintiffs and the purported class, or any other person on whose behalf Plaintiffs and the purported class seek to assert a claim, have submitted false and inaccurate time reports.

## SIXTEENTH AFFIRMATIVE DEFENSE

236.    Any recovery by Plaintiffs and the purported class should be limited to the extent Plaintiffs and the purported class have failed to mitigate any of the damages alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

237.    Plaintiffs' claims are barred to the extent that Plaintiffs seek to assert claims on behalf of other entertainers who are not similarly situated for purposes of the FLSA with respect to matters alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

238.    Current and former entertainers who performed services at NY Dolls are not similarly situated for purposes of the FLSA.

## NINETEENTH AFFIRMATIVE DEFENSE

239.    Current and former entertainers who performed services at Private Eyes are not similarly situated for purposes of the FLSA.

## TWENTIETH AFFIRMATIVE DEFENSE

240.    Current and former entertainers who performed services at NY Dolls are not similarly situated to current and former entertainers who performed services at Private Eyes for purposes of the FLSA, and vice versa.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

241.    Plaintiffs and the purported class cannot establish the requirements of Rule 23 of the Federal Rules of Civil Procedure for a class action for their claims under the N.Y. Labor Law and New York State Department of Labor Regulations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

242.    Plaintiffs lack standing to bring the proposed collective action under the FLSA and class action under Rule 23 of the Federal Rules of Civil Procedure.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

243.    Plaintiffs and the purported class are not entitled to some or all of the relief sought under the doctrine of consent.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

244.    Defendants state, in the alternative, if necessary, that any actions taken with respect to Plaintiffs and any similarly situated individuals were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy, and/or with reasonable grounds to believe such conduct complied with the FLSA and/or New York Labor Law or interpretations of those statutes.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

245.    This court lacks subject matter jurisdiction over some or all of the claims asserted by Plaintiffs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

246.    Because Plaintiffs' Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action.  Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

**JURY TRIAL IS REQUESTED**

WHEREFORE, Defendants demand judgment against Plaintiffs as follows:

1.      Denying the allegations of class status in Plaintiffs' Complaint, dismissing

Plaintiff's Complaint and all claims and causes at action therein with prejudice; and

2.      Granting any further relief the Court deems just and proper.

Dated: New York, New York
       November 7, 2013

                                MEISTER SEELIG & FEIN LLP


                                        /s/Jeffrey A. Kimmel
                                    Jeffrey A. Kimmel
                                    Howard Davis
                                Two Grand Central Tower
                                140 East 45th Street, 19th Floor
                                New York, New York 10017
                                Telephone: (212) 655-3500
                                Facsimile: (212) 655-3535

                                *Attorneys for Defendants New York Dolls Gentleman's Club a/k/a 59 Murray Enterprises, Inc., Private Eyes Gentlemen's Club a/k/a Aam Holding Corp., Barry Lipsitz, and Barry Lipsitz, Jr.*