IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELODY FLYNN and MARTINA ANTOINETTE DE TRUFF, on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br><br>    -against-<br><br>NEW YORK DOLLS GENTLEMEN'S CLUB a/k/a 59 MURRAY ENTERPRISES, INC., PRIVATE EYES GENTLEMEN'S CLUB a/k/a AAM HOLDING CORP, THREE B's HOSPITALITY GROUP a/k/a XYZ CORP., BARRY LIPSITZ, and BARRY LIPSITZ, JR.,<br><br>                      Defendants. | Case No.:<br>13 Civ. 6530 (PKC) (RLE) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT,
PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS,
APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND
APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT**

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement, Provisional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement ("Motion for Preliminary Approval"). Defendant agreed not to oppose the motion.

**I.     Preliminary Approval of Settlement**

        1.      Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Justin M. Swartz ("Swartz Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") between Plaintiffs

Melody Flynn and Martina Antoinette de Truff ("Plaintiffs") and Defendants New York Doll's Gentlemen's Club a/k/a 59 Murray Enterprises, Inc., Private Eyes Gentlemen's Club a/k/a AAM Holding Corp., Three B's Hospitality Group a/k/a XYZ Corp., Barry Lipsitz, and Barry Lipsitz, Jr. (collectively "Defendants"), attached as Exhibit A to the Swartz Declaration, and "so orders" all of its terms.

2. The approval of a proposed class action settlement is a matter of discretion. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). "[C]ourts should give proper deference to the private consensual decision of the parties" and "should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *Clark v. Ecolab, Inc.*, Nos. 07 Civ. 8623, *et al.,* 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (internal quotation marks and citations omitted).

3. Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input.

4. Preliminary approval requires only an "'initial evaluation'" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties." *Id.* at *2 (quoting Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11.25 (4th ed. 2002)). To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n-E. R.Rs.*, 627 F.2d 631, 634 (2d Cir. 1980); *Newberg* § 11.25 (noting that "[i]f the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness . . . and appears to fall within the range of possible

approval," the court should permit notice of the settlement to be sent to class members).

5. The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d at 634; *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 1872405, at *1 (S.D.N.Y. May 17, 2011).

6. The Court finds that the Settlement Agreement is the result of extensive, arms'-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

7. An experienced class action employment mediator, Martin F. Scheinman, assisted the parties with the settlement negotiations and presided over a full-day mediation. This reinforces the non-collusive nature of the settlement. *Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2012 WL 1656920, at *1 (S.D.N.Y. May 9, 2012).

## II.  Conditional Certification of the Proposed Rule 23 Settlement Class For Settlement Purposes Only

8. Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all Class Members of the terms of the proposed Settlement Agreements, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (noting practical purposes of provisionally certifying settlement class); *Flores v. One Hanover, LLC*, No. 13 Civ. 5184, 2014 WL 632189, at *1, *3 (S.D.N.Y. Feb. 18, 2014) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *1 (S.D.N.Y. Jan. 21, 2011) (same).

9. For settlement purposes only, the Court provisionally certifies the following sub-classes under Federal Rule of Civil Procedure 23(e), for settlement purposes ("Settlement Class"):

> All individuals on payroll at New York Dolls Gentlemen's Club and/or Private Eyes Gentlemen's Club and who perform or performed as entertainers at New York Dolls Gentlemen's Club and/or Private Eyes Gentlemen's Club from September 17, 2007 through April 1, 2014.

10. Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

11. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 267 Rule 23 Class Members, (Swartz Decl. ¶ 33), and, thus, joinder is impracticable, *see Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.").

12. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the Class Members share common issues of fact and law, including whether Defendants failed to pay Plaintiffs and Class Members wages, took unlawful deductions from gratuities in violation of state wage and hour laws, failed to pay spread-of-hours wages, and required Plaintiffs and Class Members to share a part of their gratuities with other employees. *See Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2012 WL 4760910, at *2 (S.D.N.Y. Oct. 5, 2012) (finding commonality where defendants "allegedly us[ed] the equivalent of 4–5% of each shift's wine sales to pay [other employees'] salaries and [failed] to pay spread-of-hours pay"); *Lovaglio v. W & E Hosp. Inc.*, No. 10 Civ. 7351, 2012 WL 1890381, at *1 (S.D.N.Y. Mar. 12, 2012) (commonality satisfied where workers raised minimum wage, overtime, spread-of-hours pay, tips misappropriation, and deduction claims); *Campos v. Goode*, No. 10 Civ. 224, 2010 WL 5508100, at *1-2 (S.D.N.Y. Nov. 29, 2010) (commonality satisfied where workers raised

overtime, tip misappropriation, spread of hours, and uniform claims); *deMunecas v. Bold Food, LLC*, No. 09 Civ. 440, 2010 WL 2399345, at *1 (S.D.N.Y. Apr. 19, 2010) (commonality satisfied where workers raised, *inter alia*, tip misappropriation, spread of hours, and uniform claims).

13. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Rule 23 Class Members' claims. *See In re Penthouse Exec. Club Comp. Litig.*, No. 10 Civ. 1145, 2014 WL 185628, at *3 (S.D.N.Y. Jan. 14, 2014) (typicality satisfied where plaintiffs' wage and hour claims "arose from the same factual and legal circumstances that form the bases of the class members' claims"); *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 Civ. 4216, 2013 WL 4734818, at *3 (S.D.N.Y. Sept. 3, 2013) (same) (Ellis, J); *Hernandez v. Merrill Lynch & Co.*, No. 11. Civ. 8472, 2012 WL 5862749, at *3 (S.D.N.Y. Nov. 15, 2012) (same).

14. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with Class Members' interests. *Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237, 2007 WL 2872455, at *7 (S.D.N.Y. Sept. 28, 2007) ("The adequacy requirement exists to ensure that the named representative will 'have an interest in vigorously pursuing the claims of the class, and . . . have no interests antagonistic to the interests of other class members.'" (quoting *Denney v. Deutsche Bank AG,* 443 F.3d 253, 268 (2d Cir. 2006))); *see also Yuzary v. HSBC Bank, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *3 (S.D.N.Y. Oct. 2, 2013) (adequacy met where there was no evidence that named plaintiffs' and class members' interests were at odds); *Capsolas*, 2012 WL 1656920, at *2.

15. In addition, Plaintiffs' Counsel, Outten & Golden LLP ("O&G"), and Fitapelli & Schaffer, LLP ("Fitapelli & Schaffer"), meet Rule 23(a)(4)'s adequacy requirement.

16. Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Class Members' common factual allegations and common legal theory – that Defendant violated federal and state wage and hour laws by misclassifying them as exempt employees and failing to pay them for premium overtime hours – predominates over any factual or legal variations among Class Members. *See Clem v. KeyBank, N.A.*, No. 13 Civ. 789, 2014 WL 1265909, at *4 (S.D.N.Y. Mar. 27, 2014) (finding plaintiffs' common factual allegations and common legal theory predominate over any factual or legal variations among class members in wage and hour misclassification case); *Yuzary*, 2013 WL 5492998, at *4 (same); *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiffs "introduced sufficient proof that [d]efendants engaged in a common practice to deny employees overtime pay," and "[t]his issue predominates over any individual calculations of overtime wages").

### III.  Appointment of Plaintiffs' Counsel as Class Counsel

17. For settlement purposes only, the Court appoints O&G and Fitapelli & Shaffer as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

6

18. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims.

19. O&G attorneys have "substantial experience prosecuting and settling employment class actions, including wage and hour class actions[,] and are well-versed in wage and hour law and class action law." *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 473 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Clem*, 2014 WL 1265909, at *5-6 (appointing O&G as class counsel and noting that "[c]ourts have repeatedly found O & G . . . to be adequate class counsel in wage and hour class actions"); *Hernandez*, 2012 WL 5862749, at *4 (appointing O&G as class counsel); *Capsolas*, 2012 WL 1656920, at *2 (appointing O&G as class counsel); *Johnson*, 2011 WL 1872405, at *2 (appointing O&G as class counsel); *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713, 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010) (O&G "are experienced employment lawyers with good reputations among the employment law bar . . . [and] have prosecuted and favorably settled many employment law class actions, including wage and hour class actions"); *Damassia*, 250 F.R.D. at 158 (O&G lawyers have "an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area").

20. Likewise, F&S has acted as lead counsel or co-counsel on dozens of wage and hour class and collective actions, including *Tiro v. Pub. House Investments, LLC*, No. 11 Civ. 7679, 2013 WL 2254551, at *3 (S.D.N.Y. May 22, 2013) ("Courts have repeatedly found F & S to be adequate class counsel in wage and hour class and collective actions"); *Yuzary v. HSBC USA, N.A.*, No. 12 Civ. 3693, 2013 WL 1832181, at *4 (S.D.N.Y. Apr. 30, 2013) (appointing O&G and F&S as class counsel); *Lovaglio v. W & E Hospitality Inc.*, No. 10 Civ. 7351, 2012

WL 2775019, at *2, *4 (S.D.N.Y. July 6, 2012) (F&S has "extensive experience in litigating wage and hour class actions" and "achieved an excellent result for the class"); *Girault v. Supersol 661 Amsterdam, LLC*, No. 11 Civ. 6835, 2012 WL 2458172, at *2 (S.D.N.Y. June 28, 2012) (appointing F&S as class counsel because they "have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law"); and *Matheson v. The Glazier Group, Inc.*, No. 09 Civ. 4212, 2011 WL 6268216, at *7 (S.D.N.Y. Dec. 13, 2011) ("[O&G] and [F&S] have substantial experience prosecuting large-scale wage and hour class and collective actions").

21. The work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

**IV.    Notice**

22. The Court approves the proposed Notice of Proposed Settlement of Class Action Settlement, attached as Exhibit B to the Declaration of Justin M. Swartz (the "Proposed Notice").

23. The content of the Proposed Notice fully complies with due process and Federal Rule of Civil Procedure 23.

24. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

25. The Proposed Notice satisfies each of these requirements and adequately puts

Class Members on notice of the proposed settlement.  *See In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *see also Johnson*, 2011 WL 1872405, at *3.  The Proposed Notice is appropriate because they describe the terms of the settlement, inform the classes about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.  *Dorn*, 2011 WL 382200, at *4.

**V.      Class Action Settlement Procedure**

26.     The Court hereby adopts the settlement approval process set forth in the Settlement Agreement.

27.     Neither this Order, Settlement Agreement, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any proceeding as evidence:  (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure or comparable state laws or rules; (b) that any party has prevailed in this case; or (c) that the Defendant or others have engaged in any wrongdoing.  Further, in the event that the Effective Date as defined in the Settlement Agreement does not occur, this Order and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever with the sole exception of those provisions of the Settlement Agreement pertaining to its effect in the event that the Effective Date does not occur for any reason.  The Settlement Agreement, however, may be admitted into evidence or otherwise used to enforce any of the terms of the Settlement Agreement.

It is so ORDERED this ___ day of _____, 2014.

 

_____
Honorable Ronald L. Ellis
United States Magistrate Judge