UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MELODY FLYNN and MARTINA ANTOINETTE
DE TRUFF, on behalf of themselves and all others                    Civil Index No:
similarly situated,

                                                                    13 Civ. 6530 (PKC) (RLE)

        Plaintiffs,

    -against-

NEW YORK DOLLS GENTLEMEN'S CLUB a/k/a 59
59 MURRAY ENTERPRISES, INC., PRIVATE EYES
GENTLEMEN'S CLUB a/k/a AAM HOLDING CORP,
THREE B's HOSPITALITY GROUP a/k/a XYZ
CORP., BARRY LIPSITZ, and BARRY LIPSITZ, JR.,

        Defendant.
------------------------------------------------------------------------X

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE BY NATALIYA MYKYTYAK-PENNING, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24

---

Respectfully submitted,


Yitzchak Zelman, Esq. (YZ5857)
LAW OFFICE OF ALAN J. SASSON, P.C.
1669 East 12th Street, 2nd Floor
Brooklyn, New York 11229
Phone:    (718) 339-0856
Facsimile: (347) 244-7178

*Attorney for Proposed Intervenor/Plaintiff*

## TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT**........................................................................................**5**

**FACTUAL BACKGROUND**.............................................................................................**5**

**ARGUMENT**....................................................................................................................**6**

   **I.**     **INTERVENTION SHOULD BE GRANTED AS OF RIGHT**......................**7**

        **A.**  **The Instant Application Is Timely**.......................................................**8**

        **B.**  **Intervenor Has An Interest In This Action**......................................**10**

        **C.**  **Intervenor's Interest Will Be Impaired By The Disposition Of This
                Action**.....................................................................................**13**

        **D.**  **Intervenor's Interest Is Not Being Adequately Protected By The
                Parties To This Action**...............................................................**14**

  **II.**  **PERMISSIVE INTERVENTION IS APPROPRIATE UNDER FRCP 24(b)(2)**....**15**

**CONCLUSION**.................................................................................................**17**

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

*Abdallah v. Coca–Cola Co.,* 186 F.R.D. 672 (N.D.Ga.1999)…………………………………..11

*Balasanyan v Nordstrom, Inc.*, 2012 WL 760566 (SD Cal Mar. 8, 2012)……………………..11

*Billingsley v Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir Mar. 25, 2014)…………11

*Bublitz v. E.I. DuPont de Nemours & Co.,* 196 F.R.D. 545 (S.D.Iowa 2000)…………………...11

*Burrell v. Crown Cent. Petroleum, Inc.,* 176 F.R.D. 239 (E.D.Tex.1997)………………………11

*Catanzano by Catanzano v. Wing,* 103 F.3d 223 (2d Cir.1996)…………………………………16

*Cook v. Bates,* 92 F.R.D. 119, 122 (S.D.N.Y.1981)……………………………………………10

*Dominguez v. Don Pedro Rest.,* 2007 WL 1650289 (N.D. Ind. June 1, 2007)…………………..11

*E. End Eruv Ass'n, Inc. v. Town of Southampton*, 2014 WL 4773989 (E.D.N.Y. 2014)…………9

*Goody v. Jefferson Co.,* 2010 WL 3834025 (D.Idaho Sept. 23, 2010)…………………………...12

*Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 107 L.Ed.2d 480 (1989)…………………..11

*Home Ins. Co. v. Liberty Mut. Ins. Co.,* 1990 WL 188925, at *2 (S.D.N.Y. 1990)………………10

*In re Currency Conversion Fee Antitrust Lit.,* 361 F.Supp.2d 237 (S.D.N.Y.2005)……………..12

*In re Pandora Media, Inc.*, 2013 WL 6569872 (S.D.N.Y. Dec. 13, 2013)……………………...13

*Kleiner v. First Nat'l Bank of Atl.,* 751 F.2d 1193 (11th Cir.1985)………………………………12

*Long v. Fidelity Water Systems, Inc.*, 2000 WL 989914 (N.D. Cal. 2000)……………………...12

*Meyer v. Macmillan Pub. Co.*, 85 F.R.D. 149, 150 (S.D.N.Y. 1980)…………………………….8

*Miller v. Silbermann*, 832 F. Supp. 663, 669 (S.D.N.Y. 1993) …………………………………10

*Mitchell v. Faulkner,* 2009 WL 585882 (S.D.N.Y. Mar. 5, 2009)……………………………..7

*New York News, Inc. v. Kheel,* 972 F.2d 482 (2d Cir.1992)…..…………………………………16

*NYTDA, Inc. v. City of New York*, 2014 WL 4274219 (E.D.N.Y. Aug. 28, 2014)……………….9

*S.E.C. v. Everest Management Corp.,* 475 F.2d 1236 (2d Cir.1972)……………………………16

*United States v. City of New York,* 198 F.3d 360, 364 (2d Cir.1999)……………………………7

*United States v. Columbia Pictures Indus., Inc.*, 88 F.R.D. 186 (S.D.N.Y. 1980)………………16

*United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968 (2d Cir. 1984)……………14

*United States v. International Business Machs. Corp.,* 62 F.R.D. 530 (S.D.N.Y.1974)…………10

*United States v. Pitney Bowes, Inc.,* 25 F.3d 66, 70 (2d Cir.1994)……………………………..8

*Wells Fargo Bank, N.A. v. Wales LLC*, 2014 WL 4672395 (S.D.N.Y. Sept. 19, 2014)…………7

*Werbungs Und Commerz v. Collectors' Guild, Ltd.*, 782 F. Supp. 870 874 (S.D.N.Y. 1991)……8

*Williams v. Chartwell Fin. Servs.,* 204 F.3d 748 (7th Cir.2000)…………………………………11

*Woodall v. Rich Albany Hotel, LLC*, 2012 WL 1204018 (N.D.N.Y. Apr. 11, 2012)……………14

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 24 (a), Intervenor moves to intervene in this action as of right, as a Plaintiff.  In the alternative, Intervenor moves to intervene permissively as a Plaintiff pursuant to Rule 24(b).  This is an action alleging violations of wage, labor and employment laws by the Defendants.  Defendants own and operate a number of adult clubs in New York City, at which the Plaintiffs in this action were employed at as exotic dancers.  The Proposed Intervenor/Plaintiff was similarly employed at the Defendants' clubs during the relevant time period.

During the pendency of this class action, the Defendants engaged in improper communications with the members of the proposed class, through which the Defendant obtained class waivers and Arbitration Agreements from the members of the proposed class action. Numerous courts have found such class-wide communications to be improper, and have invalidated the Arbitration Agreements obtained thereby.  As a putative class member, Intervenor seeks to intervene in this action, in order to protect her rights along with those of any potential opt-outs of this class action, by invalidating these Arbitration Agreements improperly obtained through class communications.  As reflected below, the Intervenor's interests, along with those of any putative class members who may wish to opt-out of this action, have pointedly been ignored by the class representatives in this action, who have refused to challenge these Agreements.

Intervenor's proposed Complaint and proposed Order are annexed hereto as Exhibits.

## FACTUAL BACKGROUND

On September 17, 2013, the Plaintiffs commenced this action as representatives of a putative class of similarly situated dancers.  (See, Docket 1).  On September 20, 2013, three days after the Class Complaint was filed, the proposed Intervenor/Plaintiff, along with a large number

of dancers at the Defendant Clubs, were presented identical Arbitration Agreements.  (See, annexed Declaration of Nataliya Mykytyak-Penning, together with the accompanying Arbitration Agreement).  The Plaintiff and her colleagues - all putative members of the class envisioned by the Class Complaint - executed the Arbitration Agreements on that date.  In the Arbitration Agreement, the dancers agreed to waive their right to a jury trial, and specifically waived any right to participate in a class action.

On August 4, 2014, the class representatives and the Defendants entered into a proposed class settlement agreement.  On August 5, 2014, the class representatives in this action filed a motion for approval of its proposed settlement agreement.  Neither the Plaintiffs nor the Defendants have made any mention of the class-wide waiver to this Court, or of the dissemination of class-wide communications by the Defendants without Court approval.

On July 10, 2014, the Intervenor commenced her own individual action in the Southern District of New York against the Defendants herein, alleging the identical violations of her wage and employment rights as those alleged by the Plaintiffs in this action.  That action is entitled *Mykytyak-Penning v. Private Eyes Gentlemen's Club, et al*, bearing Civil Index Number 1:14-cv-05152-PAC.  On September 30, 2014, the Defendants filed a motion to dismiss the Intervenor's Complaint in the individual action, on the basis of the Arbitration Agreement executed by the Intervenor.

## ARGUMENT

By disseminating class-wide Arbitration Agreements, the Defendants improperly engaged in communications with the proposed class without this Court's approval.  These Arbitration Agreements should therefore be invalidated by this Court.  The Defendants in this action have tellingly chosen not to enforce these class-wide Arbitration Agreements, *but only*

*against class members who remain in the instant class action.*  It is clear that Intervenor's interest in invalidating these Agreements, along with the interests of any other potential opt-out members of the putative class, will not be adequately protected by the counsel for the class representatives, who have demonstrated an unwillingness to litigate this issue.  Should this Court not allow the Intervenor to litigate this issue, the Defendants will essentially have been allowed to have engaged in a class-wide communication, and then use those improperly obtained Arbitration Agreements to bar any of the proposed class member from opting out of this action.

## I.      INTERVENTION SHOULD BE GRANTED AS OF RIGHT.

Intervenor satisfies each element of the four-part test for determining when intervention as of right under Rule 24(a) is warranted.  Under Rule 24(a) of the Federal Rules of Civil Procedure, "the Court must permit intervention by a non-party if it satisfies a four-part test." *Mitchell v. Faulkner,* No. 07 Civ. 2318(DAB), 2009 WL 585882, at *4 (S.D.N.Y. Mar. 5, 2009).  Under this test,

> "An applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."

*Wells Fargo Bank, N.A. v. Wales LLC*, 13 CIV. 6781 PGG, 2014 WL 4672395 (S.D.N.Y. Sept. 19, 2014), citing, *United States v. City of New York,* 198 F.3d 360, 364 (2d Cir.1999).

The Intervenor meets each element of this test for intervention as of right.

A. **The Instant Application Is Timely.**

Intervenor respectfully submits that the first element of timeliness is satisfied in this action. Whether a motion to intervene is timely is "within the sound discretion of the trial court from all the circumstances." *United States v. Pitney Bowes, Inc.,* 25 F.3d 66, 70 (2d Cir.1994); *E. End Eruv Ass'n, Inc. v. Town of Southampton*, CV 13-4810 AKT, 2014 WL 4773989 (E.D.N.Y. Sept. 24, 2014). "Timeliness defies precise definition, although it certainly is not confined strictly to chronology. Among the circumstances generally considered are: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). Delay is insufficient alone to mandate denial of the motion to intervene. *See, Meyer v. Macmillan Pub. Co.*, 85 F.R.D. 149, 150 (S.D.N.Y. 1980).

Here, the Intervenor has filed the instant application for intervention within one week of its interest having been implicated in this action. The Defendants first brought the Arbitration Agreement to the Intervenor's attention less than three months ago, via a telephone call and email to the undersigned on July 15, 2014. (*See,* attached email to the undersigned). More importantly, Intervenor had no standing or interest to intervene in this action until one week ago, when the Defendants filed their motion to dismiss the Intervenor's Complaint, on the basis of an Arbitration Agreement obtained through an improper class-wide communication. The instant application was then immediately brought before this Court.

Numerous courts have this Circuit have found Rule 24 applications to be timely under such circumstances. In *Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.*, 782 F. Supp. 870, 874 (S.D.N.Y. 1991), the Plaintiff argued that the intervention motion was untimely because

it was filed nearly two years after the Intervenor was aware of its interest in the case. *See, id.* at 874. The *Werbungs* court nevertheless found the motion for intervention to be timely: "Because Permal owns the collateral for the letter of credit securing the bond, it did not have a direct interest in the action until Werbungs made its motion to compel payment of the bond. In light of all the circumstances of this case, therefore, the court finds that Permal's motion to intervene is timely." *Id.* As in the *Werbungs* holding, the Intervenor herein only had a direct interest in the instant action once the Defendants sought to enforce the improperly obtained Arbitration Agreement against the Intervenor, through its motion to dismiss. The instant application was then immediately brought.

A similar conclusion was recently reached in *NYTDA, Inc. v. City of New York*, 11-CV-1836 NGG RER, 2014 WL 4274219 (E.D.N.Y. Aug. 28, 2014). In *NYTDA*, the intervenor had notice of its interests from the beginning of the suit, commenced three years earlier. The court nevertheless found that the intervenor "did not have notice of a need to intervene until after the court's August 28, 2013 ruling that NYTDA lacked standing to represent those interests." *See id.* In approving the application to intervene, the *NYTDA* court further considered the relative prejudice to both parties if intervention was granted or denied.

As is *Werbungs* and *NYTDA* the instant application is timely, where it is brought less than a week after the need for intervention became apparent. Only once the Defendants sought to dismiss the Intervenor's Complaint, on the basis of its improperly obtained Arbitration Agreement, did the Intervenor have sufficient interest in the instant action to intervene.

It is further respectfully submitted that the instant application for intervention is timely, where the Defendants cannot establish that they have suffered any prejudice due to the short delay in filing the instant application. "The most important criterion in determining timeliness is whether

the delay in moving for intervention has prejudiced any of the existing parties." *Miller v. Silbermann*, 832 F. Supp. 663, 669 (S.D.N.Y. 1993); *Home Ins. Co. v. Liberty Mut. Ins. Co.,* 1990 WL 188925, at *2; *United States v. International Business Machs. Corp.,* 62 F.R.D. 530, 541–42 (S.D.N.Y.1974). Absent any such prejudice, the motion for intervention will usually be deemed timely. *See Home Ins. Co. v. Liberty Mut. Ins. Co.,* 1990 WL 188925, at *2 (S.D.N.Y. 1990); *Cook v. Bates,* 92 F.R.D. 119, 122 (S.D.N.Y.1981); *Meyer v. MacMillan Publishing Co., Inc.*, 85 F.R.D. 149, 150 (S.D.N.Y. 1980).

The Defendants will be unable to establish any prejudice that it suffered by the Defendant's short delay in filing the instant application.  Defendants have only recently filed their motion for approval of class settlement, which has yet to be approved by this Court.  Following such approval, if forthcoming, the settlement would still be subject to objections by putative members of the class action.  If Intervenor is allowed to intervene in this action, her sole participation would be to file a motion, asking this Court to invalidate the Arbitration Agreements as improper communications with the putative class members.  At that point, Intervenor intends to continue with her individually filed action, as she would be entitled to do if no improper class communications had been conducted in this action.  On the reverse, should the instant application for intervention be denied, the Intervenor would be faced with a untenable choice: either be shoe-horned into the class-wide settlement agreement and receive a vastly reduced recovery, or be forced into individual arbitration.  This Hobson's Choice would apply not just to Intervenor, but also to any other putative class member who exercises her right to opt out of this action.

### B.  <u>Intervenor Has An Interest In This Action.</u>

Intervenor's interest in this action is clear.   After a class Complaint was filed – encompassing a putative class which includes Intervenor – the Defendants disseminated class-

wide Arbitration Agreements.  These Agreements waived the Intervenor's right to participate in a class action, and required her to arbitrate any claims she possessed against the Defendants. Numerous courts at the district and appellate levels, including in this district, have invalidated arbitration agreements under such circumstances.  These courts have found that the attempt to prevent the putative class members from participating in the class action was unconscionable, and additionally amounted to improper communication with the plaintiff class.  *See e.g.*, *Balasanyan v Nordstrom, Inc.*, 11-CV-2609-JM-WMC, 2012 WL 760566 (SD Cal Mar. 8, 2012); *In re Currency Conversion Fee Antitrust Litig.*, 361 F Supp 2d 237 (SDNY 2005); *Billingsley v Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir Mar. 25, 2014).

As the Supreme Court has repeatedly recognized, because of the potential for abuse in class actions, "a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties." *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 107 L.Ed.2d 480 (1989).  This authority extends to the district court's ability to grant protective orders limiting communications between parties and potential class members. *Williams v. Chartwell Fin. Servs.,* 204 F.3d 748, 759 (7th Cir.2000).

Using this rationale, district courts have restricted communications with potential class members not only by plaintiffs but also by defendants, as well as communications before a class is certified. *See, e.g., Bublitz v. E.I. DuPont de Nemours & Co.,* 196 F.R.D. 545, 547 (S.D.Iowa 2000); *Abdallah v. Coca–Cola Co.,* 186 F.R.D. 672, 675 n. 1 (N.D.Ga.1999); *Burrell v. Crown Cent. Petroleum, Inc.,* 176 F.R.D. 239, 242–43 (E.D.Tex.1997).  Of particular concern to courts is whether "a party has made misrepresentations to putative class members <u>or has attempted to discourage class members from participating in the class</u>." *Dominguez v. Don Pedro Rest.,* No. 06

CV 241, 2007 WL 1650289, *2 (N.D. Ind. June 1, 2007) (citing *Belt,* 299 F.Supp.2d at 668–69.); *see also Goody v. Jefferson Co.,* No. CV–09–437, 2010 WL 3834025, at *3 (D.Idaho Sept. 23, 2010) (requiring corrective notice where defendant's communications with potential class members caused confusion about right to join suit); *In re Currency Conversion Fee Antitrust Lit.,* 361 F.Supp.2d 237, 254 (S.D.N.Y.2005) ("[D]efendants' unsupervised communications were improper because they sought to eliminate putative class members' rights in this litigation."). Furthermore, where there is an ongoing business or employment relationship between the class and the class opponent, communications may be inherently coercive. *See Kleiner v. First Nat'l Bank of Atl.,* 751 F.2d 1193, 1202 (11th Cir.1985); *In re Currency Conversion Fee Antitrust Lit.,* 361 F.Supp.2d at 253 (holding arbitration clauses offered by defendant credit card companies during litigation was coercive and unenforceable where "the potential class consisted of cardholders who depended on defendants for their credit needs").

As expressly held by this Court, "if a defendant attempts to obtain a release of claims in a pending class action without informing putative class members of the pendency of the lawsuit, it is likely that the releases obtained would be voidable." *In re Currency Conversion Fee Antitrust Litigation*, 361 F. Supp. 2d 237, 254, 2005-1 Trade Cas. (CCH) ¶ 74726 (S.D. N.Y. 2005), <u>appeal granted order amended,</u> <u>2005 WL 1871012 (S.D. N.Y. 2005);</u> *see also Long v. Fidelity Water Systems, Inc.*, 2000 WL 989914, *3 (N.D. Cal. 2000) (declining to enforce arbitration and no-class-action provision added to consumer agreement by defendant while putative class action was pending); *Balasanyan v. Nordstrom, Inc.*, 2012 WL 760566, *4 (S.D. Cal. 2012)(invalidating post-litigation arbitration agreement sent to class members because the "communication constituted an improper attempt to alter the pre-existing arbitration agreement with putative class members during litigation").

As delineated by the above holdings, Defendants clearly engaged in improper class communications by disseminating class-wide Arbitration Agreements and class waivers to the members of the putative class after the filing of a Class Complaint.  As a member of that putative class, and as a recipient of that improper class communication, the Intervenor clearly has an interest in this action, and specifically in challenging the validity of these Agreements.  Rule 24 requires the intervenor to show that denial of intervention would, "as a practical matter, impair or impede the applicant's ability to protect its interest." *In re Pandora Media, Inc.*, 12 CIV. 8035 DLC, 2013 WL 6569872 (S.D.N.Y. Dec. 13, 2013).  Here, if Intervenor's application is denied, Intervenor's ability to challenge the validity of these class communication would, as a practical matter, be severely impaired.

### C.  <u>Intervenor's Interest Will Be Impaired By The Disposition Of This Action</u>.

The Intervenor's interest in invalidating these improperly obtained Arbitration Agreements will clearly be impaired by the disposition of this action.  The Arbitration Agreement is invalid as it was an unauthorized class-wide communication.  The class representatives have agreed to settle this action with the Defendants for a significant settlement amount, and have refused to challenge the validity of these Agreements.  As the court overseeing the resolution of this class action, this court "has both the duty and the broad authority to exercise control over a class action." *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 107 L.Ed.2d 480 (1989).

Unless this Court invalidates the Arbitration Agreements obtained through improper class-wide communications, then any opt-outs to this action – including the Intervenor – will either be required to remain in the instant class action, or will be required to arbitrate their claims. Defendants' selective enforcement of its Arbitration Agreement is telling, and its specific decision not to enforce it in this class action, is telling and revealing in terms of strategy.  Simply put, if this

Court disposes of this action without addressing the invalidity of these class communications, the Arbitration Agreements and class waivers signed by all class members and opt-outs will be unable to be challenged in later litigation.

**D.  <u>Intervenor's Interest Is Not Being Adequately Protected By The Parties To This Action.</u>**

It is glaringly obvious that the Intervenor's interests are not being adequately protected by the class representatives or their counsel.  Under Rule 24, an intervenor need only show that the parties' representation "may be inadequate, and the burden of making that showing should be treated as minimal."  *United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 986 (2d Cir. 1984), citing, 3B J. Moore, Federal Practice ¶ 24.09–1[4] (1969).

In this action, the class counsel has made absolutely no effort to challenge the validity of these Arbitration Agreements and class waivers, and has failed to even bring the dissemination of class-wide communications to the Court's attention.  Class counsel clearly has protected those class members who chose to partake in the class settlement, and has secured a multi-million dollar settlement in favor of those class members.  However, class counsel has not sought to protect the rights of those members of the putative class who may wish to opt-out once the opt-out period begins, such as the Intervenor.  Class counsel is content to let those future opt-outs fend for themselves in seeking to challenge these Arbitration Agreements and class waivers which were obtained through improper class communications, and which should be challenged in this class action.

A similar finding of inadequate representation was reached in the holding of *Woodall v. Rich Albany Hotel, LLC*, 11-CV-449 RFT, 2012 WL 1204018 (N.D.N.Y. Apr. 11, 2012).  The Woodall plaintiff was an airline pilot who fell and suffered injuries while at a Holiday Inn, for

which he received workers' compensation.  Skywest Airlines, the employer of the *Woodall* plaintiff and the payor of the workers' compensation, sought to intervene in the *Woodall* personal injury action, in order to enforce its subrogation lien.  The *Woodall* court found that Skywest demonstrated that its interests were not being adequately represented, where neither Woodall nor the Defendants had an obligation or the inclination to ensure that the subrogation lien was paid.  The Court further found that the *Woodall* plaintiff particularly would not adequately represent the intervenor's interests, where Skywest's intervention would possibly jeopardize the proposed settlement in the case.

As in *Woodall*, neither the Defendants nor the class representatives in this action will adequately represent the interests of the Intervenor.  Defendants will certainly not attempt to invalidate its own Arbitration Agreements.  The class representatives have similarly demonstrated an unwillingness to address the issue, as the Defendants have not sought to enforce the Agreement against class members *who stay in the class*.  It is apparent that the class representatives will not protect the interests of those class members who seek to opt-out of this class action, as doing so will likely jeopardize the $4,300,000.00 settlement agreement reached in this action, together with the class counsel fees in excess of $1,000,000.00.  It is therefore respectfully submitted the Intervenor be permitted to participate in this action, where her interests are not otherwise being adequately represented.

## II.     PERMISSIVE INTERVENTION IS APPROPRIATE UNDER FRCP 24(b)(2).

Intervenor seeks to intervene in this action on the alternative ground that such intervention is permissive under FRCP 24(b)(2).  The three-part test for intervention under this Rule has oft been stated as:

(1) "timely application"; (2) "a question of law or fact in common" between the "applicant's claim or defense and the main action"; (3) a determination that the intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties."

*United States v. Columbia Pictures Indus., Inc.*, 88 F.R.D. 186, 189 (S.D.N.Y. 1980).

Generally, a district court has broad discretion to grant or deny a request for permissive intervention. *Catanzano by Catanzano v. Wing,* 103 F.3d 223, 234 (2d Cir.1996); *Securities and Exchange Commission v. Everest Management Corp.,* 475 F.2d 1236, 1240 (2d Cir.1972) ("Rule 24(b) necessarily vests broad discretion in the district court to determine the fairest and most efficient method of handling a case with multiple parties and claims."). A court deciding a motion for permissive intervention under Rule 24(b) should consider (1) the relation of the proposed intervenor's claims to the pending case, (2) the timeliness of the motion, and (3) the effect of intervention on the parties to the case. *Catanzano,* 103 F.3d at 234; *New York News, Inc. v. Kheel,* 972 F.2d 482, 487 (2d Cir.1992).

Intervenor has already established the timeliness of its application, as set forth extensively above.  Similarly, Intervenor's claim is identical to those of the Plaintiff's in the instant action, where Intervenor is a member of the putative class encompassed by this action.  Finally, it is respectfully submitted that the original parties will not be unduly prejudiced by the intervention of the Intervenor.  Intervenor does not seek to delay this action, but rather seeks to participate in this action for the limited purpose of challenging the Arbitration Agreements obtained through an unauthorized class-wide communication.  Once that issue is decided, Intervenor intends to continue the litigation of her claims in her individual, opt-out action.

**CONCLUSION**

For the foregoing reasons, it is respectfully requested that the instant application to intervene in this proposed class action be granted.  As a member of the putative class, Intervenor has identical rights and claims as those asserted by the class representatives.  As a class member seeking to opt-out of this action, Intervenor's interests diverge from those of the class members seeking to remain in this action.  Those interests are not being adequately represented by counsel for the class representatives.  Finally, intervenor only seeks to participate in this action for the limited purpose of litigating the issue raised by the Defendants' improper class-wide communications, which will not delay or unduly prejudice the parties to this action  Accordingly, it is respectfully requested that the Intervenor be allowed to intervene in this action under the alternative grounds provided by FRCP 24(a)(2) or FRCP 24(b)(2).

Dated: October 5, 2014
      Brooklyn, New York

                          Respectfully submitted,

                          /s/ Yitzchak Zelman
                          Yitzchak Zelman, Esq. (YZ5857)
                          LAW OFFICE OF ALAN J. SASSON, P.C.
                          1669 East 12th Street, 2nd Floor
                          Brooklyn, New York 11229
                          Phone:   (718) 339-0856
                          Facsimile: (347) 244-7178

                          *Attorney for Proposed Intervenor/Plaintiff*