IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 4-28-15

MELODY FLYNN and MARTINA ANTOINETTE DE TRUFF, on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

NEW YORK DOLLS GENTLEMEN'S CLUB a/k/a 59 MURRAY ENTERPRISES, INC., PRIVATE EYES GENTLEMEN'S CLUB a/k/a AAM HOLDING CORP, THREE B's HOSPITALITY GROUP a/k/a XYZ CORP., BARRY LIPSITZ, and BARRY LIPSITZ, JR.,

Defendants.

Case No.:
13 Civ. 6530 (PKC) (RLE)

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS

This matter came before the Court on Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement ("Motion for Final Approval"); Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Fee Motion"); and Motion for Approval of Service Awards ("Service Award Motion"). Defendants agreed, for settlement purposes only, not to oppose the motion.

1. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Final Approval and all other papers submitted in connection with Plaintiffs' Motion for Final Approval, the Court grants final approval of the settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Melody Flynn

and Martina Antoinette de Truff (collectively "Plaintiffs"), and Defendants New York Dolls Gentlemen's Club a/k/a 59 Murray Enterprises, Inc., Private Eyes Gentlemen's Club a/k/a AAM Holding Corp., Three B's Hospitality Group a/k/a XYC Corp., Barry Lipsitz, and Barry Lipsitz, Jr. (collectively "Defendants"), attached to the Swartz Decl. as Exhibit A, and "so orders" all of its terms.

2. The Court certifies the following class under Fed. R. Civ. P. 23(e) ("Settlement Class"):

> All individuals on payroll at New York Dolls Gentlemen's Club and/or Private Eyes Gentleman's Club from September 17, 2007 through April 1, 2014, including any individual who has signed an "Arbitration Agreement" or any other agreement containing an arbitration clause and/or class or collective action waiver.

3. Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

4. In addition, Plaintiffs' Counsel also meet the adequacy requirement of Rule 23(a)(4).

5. The Court approves the Fair Labor Standard Act settlement. The settlement is the product of arm's-length negotiations facilitated by an experienced wage and hour law mediator.

6. The Court grants Plaintiffs' Fee Motion and awards Class Counsel $1,290,000, which is thirty percent (30%) of the settlement fund, and includes reimbursement of $7,515.73 in costs and expenses reasonably expended litigating and resolving the lawsuit. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims.

7. The Court finds reasonable the service awards for Named Plaintiffs Melody Flynn and Martine Antoinette de Truff and in the amount of $10,000 each in recognition of the services they rendered on behalf of the class. These amounts shall be paid from the settlement fund.

8. If no party seeks reconsideration or rehearing of this Order, the "Effective Date" of the settlement will be 31 days after the Order is entered.

9. If rehearing or reconsideration of this Order is sought, the "Effective Date" of the Settlement will be after any and all avenues of rehearing and reconsideration have been exhausted and no further rehearing or reconsideration is permitted, and the time for seeking such review has expired, and the Judgment and rulings on service awards and attorneys' fees and reasonable costs have not been modified, amended or reversed in any way.

10. Within twenty (20) calendar days after the date of this Order, Defendants will deposit funds sufficient to pay all Class Members' claims, any Court-approved service payments, and any Court-awarded attorneys' fees and expenses.

11. The Claims Administrator will disburse settlement checks to Class Members, Court-approved attorneys' fees and costs, and Court-approved service awards within ten (10) calendar days after Defendants deposit the settlement fund.

12. The Court will retain jurisdiction over the interpretation and implementation of the Settlement Agreement.

13. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this 27th day of April, 2015.

_____
Honorable Ronald L. Ellis
United States Magistrate Judge