UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MELODY FLYNN, et al.,                          :
                                               :
                          Plaintiffs,          :        **OPINION AND ORDER**
                                               :        **13-CV-6530 (RLE)**
            - against -                         :
                                               :
NEW YORK DOLLS GENTLEMEN'S CLUB, et al.,  :
                                               :
                          Defendants.          :
_____

RONALD L. ELLIS, U.S.M.J.:

## I. INTRODUCTION

Plaintiffs in this action are individuals who were employed as entertainers by Defendants

New York Dolls, Private Eyes, and Flashdancers Gentlemen's Clubs. (Doc No. 1) Plaintiffs

commenced this class action on September 17, 2015, alleging that they were misclassified as

independent contractors and were deprived of their rights under the Federal Labor Standards Act.

(*Id.*) The Parties consented to proceed before the undersigned on January 1, 2014. (Doc. No. 31)

On August 5, 2014, Plaintiffs filed a Motion for Preliminary Approval of the Class Action

Settlement which the Court granted on October 6, 2014. (Doc. No. 48) Plaintiffs filed a Motion

for Final Approval of the Class Action Settlement on January 26, 2015. (Doc. No. 66) On

February 2, 2015, Defendants wrote to oppose Plaintiffs' motion to the extent that it requested

the Court to permit four late claims made after the December 20, 2014 Claim Bar Date to

participate in the settlement. (Doc. No. 75) The Parties argued this issue before the Court at the

Fairness Hearing held on February 9, 2015, and were permitted to brief their positions afterward.

(Doc. Nos. 78-79) For the following reasons, Plaintiffs' request that the Court permit the late

claimants to participate in the settlement is **DENIED**.

## II. BACKGROUND

The Joint Stipulation of Settlement and Release in this action ("Agreement") provides that all claim forms must be signed and returned post-marked by the Claim Bar Date of December 20, 2014, in order for a Class Member to be eligible to receive her Individual Settlement Allocation. (Doc. No. 75) The Agreement includes no terms providing for the distribution of settlement proceeds to late claimants for any reason, and further states that all terms of the agreement were negotiated at arm's length. The Claim Bar Deadline was communicated to the class in the Notice of Proposed Class Action Settlement which stated: "If you fail to mail a timely Claim Form and Release post-marked by December 20, 2014, you will not receive any money from the settlement." (Doc. No. 72-2)

Despite the language of the Agreement, Defendants have agreed not to contest two claim forms which were postmarked within one week after the Claim Bar Date. Defendants do, however, contest four claims belonging to Analia Guarino, Iveta Deprospo, Julia Chu, and Nicole Lockett, which were mailed between 11 and 33 days after the Claim Bar Date. (Doc. No. 75)

Although no affidavits have been filed on behalf of the late claimants, Plaintiffs' counsel makes the following representations:

Guarino's claim was signed on December 18, but postmarked December 31, 2014. (Doc. No. 73 at 16.) Counsel offers no explanation for Guarino's failure to mail her form by the deadline. (*Id.*)

Deprospo's claim was signed and sent via fax on January 22, 2015. (*Id.*) She moved to Las Vegas, Nevada, following her employment with Defendants and did not receive a Class

2

Notice or Claim Form at her new address. (*Id.*) Desprospo contacted counsel after learning about the lawsuit from former co-workers. (*Id.*)

Chu's claim was signed on December 15, 2014, and postmarked on January 8, 2015. (*Id.*) Chu moved to Honolulu, Hawaii, following her employment with Defendants and lives at a different address than that to which her Class Notice and Claim Form were sent. (*Id.*)

Lockett's claim was signed and sent via fax on January 2, 2015. (*Id.* at 17.) Lockett changed addresses after her employment with Defendants and did not receive her Class Notice and Claim Form until after the deadline. (*Id.* at 17)

Plaintiffs' counsel asks the Court to permit these claimants to participate in the settlement.

## III. DISCUSSION

Plaintiffs argue that the Court should rely upon its equitable power to include late-filed claims as a part of a settlement to permit participation by the late claimants here. (Doc. No. 78) As this Court has held, "[s]ettlement agreements are contracts and must therefore be construed according to general principles of contract law. . . " *Dahingo v. Royal Caribbean Cruises, Ltd.*, No. 99-CV-11774 (KMW)(JCF), 312 F. Supp. 2d 440, 445-46 (S.D.N.Y. Mar. 1, 2004)(quoting *Torres v. Walker*, 356 F.3d 238, 245 (2d Cir. 2004)). Although, "[c]ourts have the equitable power to include late-filed claims as part of a settlement," *In re Citigroup Inc. Sec. Litig.*, No. 07-CV-9901 (SHS), 2014 WL 7399039, at *4 (S.D.N.Y. Dec. 29, 2014), where Parties have explicitly agreed upon material terms, "[t]he court is not entitled to expand or contract the agreement of the parties as set forth in the consent decree. This principle is strictly followed in class actions where the relief requested would exceed that which the parties had bargained for."

3

*Dahingo*, 312 F. Supp. 2d at 446 (citing *Artvale, Inc. v. Rugby Fabrics Corp.,* 303 F.2d 283, 284 (2d Cir.1962) (per curiam)).

In determining whether late claims will be permitted, Plaintiffs urge the Court to consider the four factors articulated in *Pioneer Investment Services*: (1) "the danger of prejudice"; (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *In re Oxford Health Plans, Inc.*, 383 F. App'x 43, 45 (2d Cir. 2010) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). As this Court determined in *Dahingo*, however, the *Pioneer* factors have only been applied in cases where "the terms at issue had not been bargained for" or where "the dispute did not implicate the ultimate obligations of the defendant," making it necessary to go beyond simple contract principles. 312 F. Supp. 2d at 447.

Here, the contract terms were bargained for by the Parties and allowing late claims would increase the ultimate obligations of the Defendants by approximately $43,000. Finding no basis to go beyond simple contract principles here, the Court holds that the material terms of the Parties' agreement as to late claimants cannot be rejected on equitable grounds.

### IV. CONCLUSION

For the reasons, set forth above, Plaintiffs' request that the Court permit the late claimants to participate in the settlement is **DENIED**.

**SO ORDERED this 27th day of April 2015**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**